524 So.2d 245 (1988)
D & S BUILDERS, INC.
v.
MICKEY CONSTRUCTION CO., INC. et al.
Nos. 87-CA-756, 87-CA-795.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
A. Morgan Brian, Jr., New Orleans, for plaintiff-appellant D & S Builders, Inc.
Deborah Weisler Hayes, Friend, Wilson & Draper, New Orleans, for defendant-appellee Mickey Const. Co., Inc., Great American Bonding Co. and Andonie, Megison and Rousseau.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
KLIEBERT, Judge.
Plaintiff, D & S Builders, Inc., a subcontractor on the construction of Lakeside Medical Center, filed suit under the Private Works Act (LSA-R.S. 9:4801 et seq.) to enforce claims against the owner, the prime contractor, and the prime contractor's surety. The suit was dismissed with prejudice on grounds of abandonment under La.C.C.P. Article 561. Plaintiff's subsequent suit on the same cause of action was dismissed on an exception of res judicata. Plaintiff's appeals from the judgments were consolidated by order of this court. The questions presented are:
(1) Whether the payment of costs to the clerk of court and a request for written notice of hearings constitute "steps" in the prosecution of a suit so as to preclude dismissal under La.C. C.P. Article 561; and
(2) Whether a dismissal pursuant to La. C.C.P. Article 561 is with prejudice so as to prohibit a plaintiff from instituting a subsequent suit on the same cause of action.
For the following reasons the judgment rendered in the original suit under Docket No. 87-CA-756 is amended and, as amended, affirmed. The judgment rendered in the second suit under Docket No. 87-CA-795 is reversed and set aside and the case remanded to the trial court for further proceedings.
La.C.C.P. Article 561 provides in pertinent part:

*246 "A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(1) Which has been opened;
(2) In which an administrator or executor has been appointed; or
(3) In which a testament has been probated.
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal."
Under our jurisprudence La.C.C.P. Article 561 requires three things of a plaintiff:
(1) that he take some "step" in the prosecution of his lawsuit,
(2) that he do so in the trial court, and
(3) that he do so within five years of the last "step" taken by either party.
Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984); Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). A party takes a "step" in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, supra; Melancon v. Continental Casualty Co., 307 So. 2d 308 at 312 (La.1975), wherein the court noted:
"The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence."
Abandonment proceedings in accordance with Article 561 should be given a liberal interpretation, and any action or step taken by a plaintiff to move his case toward judgment should be considered. Michel v. Home Town Supermarket, Inc., 493 So.2d 142 (5th Cir.1986); Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (5th Cir.1984).
Although there are many instances where the courts have held that a particular act[1] was sufficient to prevent an abandonment, the following have been held not to be steps in prosecution: the taking of discovery depositions by agreement of counsel without formal notice [DeClouet v. Kansas City Southern Railway Co., 176 So.2d 471 (3rd Cir.1965) ]; the substitution of counsel of record and the exchange of negotiation correspondence (Chevron Oil Co. v. Traigle, supra), and the filing of transcripts and payment of court costs for transcripts [Henry v. Stephens, 169 So.2d 422 (3rd Cir.1964)].
The only actions taken by plaintiff between May 13, 1981 and November 5, 1986 were to enroll counsel's new law firm, to request notice of hearings, and to pay an additional cost deposit of $40.00 as requested by the clerk of court. Plaintiff acknowledges that his motion to enroll counsel of record did not constitute a step in prosecution, but rather, only granted to counsel the right to take steps toward prosecution. However, plaintiff contends the payment of *247 court costs and the request for notice were steps toward prosecution. We disagree.
The payment of the deposit did not take place before the court and on the record and did nothing to hasten the matter toward judgment. See Henry v. Stephens, supra. The payment of the deposit, as with the enrolling of counsel, simply made it possible for plaintiff to take steps in prosecution of its case; it did not in itself constitute such a step. Likewise, the request for notice of hearings simply entitled plaintiff to written notice of hearings (steps) set at the request of any party. Therefore, we discern no error in the trial court's holding that the aforementioned actions were not sufficient "steps" to prevent the application of Article 561.
As plaintiff failed to take any steps in prosecution for a five year period, the original suit under docket number 223-563 was subject to and was properly dismissed as abandoned. However, as acknowledged by defendants in their appellate brief, the dismissal should have been without prejudice and therefore cannot form the basis for a plea of res judicata. Pounds v. Yancy, 224 So.2d 1 (1st Cir.1969); DeSalvo v. Waguespack, 187 So.2d 489 (4th Cir.1966).
For the foregoing reasons, the judgment rendered in the original suit No. 223-563 (our docket No. 87-CA-756) is amended to delete therefrom the words "with prejudice" and insert in lieu thereof the words "without prejudice," and, as amended is affirmed. The judgment rendered in the second suit No. 344-122 (our docket No. 87-CA-795) maintaining the exception of res judicata is reversed and the case is remanded to the district court for further proceedings.
DOCKET NO. 87-CA-756 AMENDED AND, AS AMENDED, AFFIRMED; DOCKET NO. 87-CA-795 REVERSED AND REMANDED.
NOTES
[1] The acts which follow were found sufficient to prevent abandonment: the filing of interrogatories [Highlands Ins. Co. v. City of Lafayette, 453 So.2d 608 (3rd Cir.1984) ]; answers to interrogatories (Chevron Oil Co. v. Traigle, supra); motions to compel answers to interrogatories [Rollins v. Causey, 427 So.2d 1291 (2nd Cir.1983) ]; requests for production of documents [Gibson v. Valentine Sugars, Inc., 485 So.2d 620 (4th Cir. 1986) ]; motions to take depositions [Landry v. Thomas, 422 So.2d 513 (4th Cir.1982)]; transcripts of depositions (Michel v. Home Town Supermarket, Inc., supra); motions to proceed in Forma Pauperis (Acosta v. Hepplewhite Home, Inc., supra); motions to set for trial [Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (2nd Cir.1973) ]; and joint stipulations dismissing certain parties [Fontenot v. Blue Cross Ass'n., 485 So.2d 1001 (4th Cir.1986)].