542 So.2d 663 (1989)
Emile J. CAMAILLE, Jr.
v.
SHELL OIL COMPANY and the Travelers Insurance Company.
No. 88-CA-876.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1989.
Rehearing Denied May 17, 1989.
Writ Denied June 30, 1989.
Emile J. Camaille, Jr., Covington, in pro per.
James J. Morse, New Orleans, for defendants-appellees.
*664 Before BOWES, GAUDIN and GOTHARD, JJ.
GAUDIN, Judge.
The only issue involved in this appeal is whether the trial judge correctly dismissed plaintiff Emile Camaille's case because of a five-year failure to prosecute.
LSA-C.C.P. art. 561 is quite clear. It reads:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in a trial court for a period of five years, unelss it is a succession proceeding:
1) which has been opened;
2) in which an administrator or executor has been appointed; or
3) in which a testament has probated.
"This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing may be held prior to dismissal.
"An appeal is abandoned when the parties fail to take any steps in its prosecution or disposition for the period provided in the rules of the appellate court."
There is a slight procedural difference between the current article, as recited above, and the statute in existence when Mr. Camaille's petition was dismissed ex parte on November 29, 1983. This sentence has been added and is now in effect: "However, the trial court may direct that a contradictory hearing may be held prior to dismissal." Under either article, the trial judge properly found Art. 561 applicable. We affirm, with some reluctance, the November 29, 1983 dismissal and the subsequent judgment which denied, after a hearing, Mr. Camaille's motion to annul the judgment dismissing his claims.
Mr. Camaille argues that he has been aggrieved by the district court judgments and no doubt this is true. His case apparently was not amicably settled and he was denied a day in court; however neither the trial judge nor this Court can breathe life into a proceeding dismissed because of Art. 561's provisions. The record here clearly shows a five-year lack of prosecution.
It appears, from a reading of Art. 561, that the dismissal is effective as soon as the five-year period runs and without an actual judgment of dismissal. Nonetheless, Mr. Camaille suggests that because he filed a motion to set the merits for trial on November 8, 1982 (after the five years had passed but before any formal order of dismissal was signed by the trial judge), that the defendants lost their right to an Art. 561 dismissal. Unfortunately, for Mr. Camaille, neither the Supreme Court of Louisiana nor any appellate court has so held.
Finally, we note that the only instances of ill practice alleged by Mr. Camaille were with regard to action or inaction on the part of his attorneys.
We affirm, with Mr. Camaille to pay costs of this appeal.
AFFIRMED.