liWICKER, Judge.
This appeal arises from a suit filed on behalf of Louisiana Central Credit Union, a/k/a League Central Credit Union (LCCU), plaintiff/appellee, against Ruth K. LeBIanc, a/k/a Ruth LeBIanc (LeBIanc), defendant/appellant, seeking to collect funds allegedly owed on a loan. The petition was filed September 18, 1990. On October 23, 1990 Le-BIanc answered the suit and denied the allegations. LCCU filed a motion for summary judgment on February 22, 1991. The hearing on the motion was set for March 22,1991. The minute entry for March 22,1991 reflects that LeBIanc appeared in proper person and that the matter was continued without date. On July 2, 1991 LCCU filed a motion to set the matter for trial on the merits.[1] However, there was no order setting the matter for trial. No further action was taken in this matter until August 27, 1996 when LCCU filed a second motion for summary judgment, more than five years from the date of the last pleading in the record. The second motion for summary judgment was set for October 4, 1996. The minute entry reflects that Le-BIanc did not attend the hearing and that summary judgment was granted.
12Judgment was rendered October 4, 1996 granting summary judgment in favor of LCCU in the amount of $1,733.47, plus interest and attorney’s fees. LeBIanc does not dispute that she was served with the second motion.[2] On October 9,1996 LeBIanc filed a *922 motion for a new trial urging the petition be dismissed on the ground of abandonment under La.Code Civ. P. art. 561. The hearing on the motion was held on November 12, 1996. It was submitted on the record without exhibits or testimony. The trial judge denied the motion to dismiss on August 4, 1997. LeBlanc now appeals the judgment denying her motion for new trial on the ground of abandonment. We reverse.
Appellant argues that LCCU’s attempt to reset the summary judgment hearing after the five-year period had already accrued was ineffective to revive the suit. She relies on this court’s opinion in Camaille v. Shell Oil Co., 542 So.2d 663 (La.App. 5th Cir.1989), writ denied, 546 So.2d 1221 (La.1989).
In Camaille we held that under article 561: the dismissal is effective as soon as the five-year period runs and without an actual judgment of dismissal.
Id. at 664.
Therefore, in Camaille the filing of a motion to set for trial, which was filed more than five years after any step in the prosecution of the suit, but before any judgment of dismissal on the ground of abandonment, did not result in defendant’s loss of the right to a 561 dismissal.
In the instant case appellee filed a motion to set for trial on July 2, 1991 and this motion was accepted by the clerk of court and filed in the court record, therefore LCCU took a step in the prosecution of the claim on that date. See Zion v. Stockfieth, 616 So.2d 1373 (La.App. 5th Cir.), writ denied, 620 So.2d 882 (La.1993). More than five years later, LCCU filed its second motion for summary judgment.
Article 561 provides:
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(1) Which has been opened;
|s(2) In which an administrator or executor has been appointed; or
(3) In which a testament has been probated.
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
Appellant also relies on the case of Semel v. Green, 252 La. 386, 211 So.2d 300 (La.1968) for the proposition that once suit is abandoned, any subsequent action is ineffective. However, the Semel court did not address the issue of whether a party could waive abandonment.
The appellee argued below as well as herein that the defendant waived the right to abandonment by allowing the motion for summary judgment to be resolved. The trial judge gave no reasons for judgment but was evidently mindful of the Louisiana Supreme Court decision in Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983) wherein the court held at 534:
By allowing a suit to be submitted for decision, the defendant clearly consents to have the matter resolved on the merits.
The Chevron court further explained at 535:
we conclude that submission of an abandoned case for decision effects a waiver of the right to have the suit dismissed because of want of prosecution under article 561 of the Code of Civil Procedure. The concept of abandonment is not punitive in nature. The notion is one which is designed to discourage vexatious, harrasing [sic] or frivolous suits by preventing the plaintiff from allowing such suits to linger indefinitely. Moreover, the threat of abandonment serves to hasten all suits to judgment. Once a case is submitted, its disposition is out of the hands of the parties, *923 and nothing is gained by penalizing them for what they have failed to do before that point. Nothing is served by allowing the defendant to have a case submitted for judgment declared abandoned. If our goal is to encourage the hasty resolution of disputes, it would be anomalous for us to hold that this goal is somehow advanced by the dismissal of suits that are ready for resolution. Had the legislature intended such a paradox under article 561, it could have so explicitly stated. Without such a statement, we reject this interpretation and its result.
In the instant case the defendant filed no pleadings in connection with the motion for |4summary judgment. She also made no appearance at the hearing on the motion. Appellant argues that the case of Chevron Oil Co. is distinguishable because the party seeking abandonment had taken a formal step toward submitting the case for a decision unlike the case at bar. In the Chevron Oil Co. case the party seeking abandonment had filed a cross motion for summary judgment, a memorandum, and a joint stipulation of facts. The court found the defendant had waived the right to abandonment, having taken a formal step in allowing a suit to be submitted for decision after the lapse of the five-year period.
Since the defendant in the present case took no formal step toward submitting the motion for summary judgment for a decision, she did not waive her right to seek abandonment.
Accordingly, for the reasons stated, the judgment is reversed and judgment is now entered in favor of the defendant, Ruth K. LeBlane a/k/a Ruth LeBlanc, and against the plaintiff, Louisiana Central Credit Union, a/k/a League Central Credit Union, dismissing without prejudice[3] plaintiffs suit at plaintiffs cost. Costs of this appeal are to be borne by the appellee.
REVERSED.

. Appellee has attached a copy of the motion to set for trial on the merits. Appellee suggests that the motion is not in the record. However, this motion is in the certified record on appeal at page 11.

. LeBlanc's counsel explained in brief that Le-BIanc did not attend the hearing based on the *922 advice of her former counsel who had been unsuccessful in negotiating a settlement.

. Dismissal on grounds of abandonment is a dismissal without prejudice. D & S Builders, Inc. v. Mickey Const. Co., 524 So.2d 245 (La.App. 5th Cir.1988).