I MURRAY, Judge.
In this civil action, Alva Haley[1] seeks to recover damages for alleged legal malprac *171 tice by her former attorney, Paul J. Ga-luszka. In March 1998, however, the trial court ruled that because Ms. Haley did not file this suit within three years of the attorney’s alleged wrongful act, her claims were perempted under La. R.S. 9:5605, as interpreted in Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291. Therefore, the defendant’s motion for summary judgment was granted and the plaintiffs claims were dismissed with prejudice. Upon consideration of the facts and arguments presented in Ms. Haley’s appeal, we reverse.
The following undisputed facts are essential to the resolution of this appeal: In June 1985, attorney Paul J. Galuszka filed a civil suit for damages for medical malpractice, as well as a request for a medical review panel proceeding, on behalf of Alva Haley and her son Ryan. The only actions taken in the civil suit in 1985-86 were when Mr. Galuszka obtained the issuance of some subpoenas and | ¡.noticed a deposition. On February 5, 1987, the medical review panel’s decision on Ms. Haley’s claim was rendered and filed.[2] In January 1988, the Clerk of Orleans Parish Civil District Court filed a rule for payment of a $100.00 jury fee against Ms. Haley, through Mr. Galuszka, her counsel of record; a second, identical rule was filed on March 28, 1989. On April 14, 1989, Mr. Galuszka paid the $100.00 jury fee demanded by the Clerk of Court, but no further action was taken in that suit until November 1995, when Mr. Galuszka moved to withdraw as plaintiffs counsel of record.
The instant suit for legal malpractice was filed by Ms. Haley in May 1996 against Mr. Galuszka, his law corporation and a fictitious insurer (collectively, “Mr. Galuszka”).[3] She asserts that because Mr. Galuszka failed to prosecute the earlier medical malpractice suit, it is now legally abandoned under Article 561 of the Code of Civil Procedure, preventing her recovery from those defendants. However, Ms. Haley argues that the effective date of the abandonment was April 1994, five years after Mr. Galuszka paid the $100.00 jury fee. Because she filed this suit within three years of that date, Ms. Haley maintains that her claim of legal malpractice was timely under R.S. 9:5605. She further alleges that Mr. Galuszka attempted to conceal his neglect by advising as late as September 1995 that “the [medical malpractice] case is still viable.” Ms. Haley argues that, at best, Mr. Galuszka committed a continuing tort by failing to keep his client informed regarding the true status of her case; at worst, his silence and suppression of the truth constitutes fraud, which would toll the running of the statutory peremptive period.
|sMr. Galuszka agrees that if the instant suit had been filed within three years of the date on which the medical malpractice action was effectively abandoned under Article 561, it would be timely under R.S. 9:5605. He argues, however, that because the payment of court costs does not constitute a step in the prosecution of a claim, the underlying medical malpractice suit was abandoned, at the latest, five years after the medical review panel opinion was rendered and filed. Thus, because the present action was not filed within three years of February 5, 1992, the last date on which he could have “saved” the earlier suit, Mr. Galuszka asserts that Ms. Haley’s claim against him is now perempted. He *172 further argues that because the plaintiff alleges she was damaged by his failure to prosecute the medical malpractice suit, rather than by his failure to inform her of the status of that case, neither the continuing tort doctrine nor the fraud exception of R.S. 9:5605 E would apply under these facts. Therefore, even if it were shown that he had deliberately concealed information from Ms. Haley, Mr. Galuszka asserts that the absolute peremptive bar of R.S. 9:5605 requires the dismissal of this untimely suit against him.
As these arguments make clear, the timeliness of this legal malpractice action depends upon a determination of the point at which the underlying medical 'malpractice suit was legally abandoned. At the time that that suit was pending, Article 561 of the Code of Civil Procedure provided that “[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.”[4] This provision relieves the courts and litigants of stale claims by giving effect to the inference that an extended period of inactivity in a suit demonstrates the intent to abandon those claims. Young v. Laborde, 576 So.2d 14-551, 552-53 (La.App. 4th Cir.1991).
Although Mr. Galuszka admits paying the jury fee on Ms. Haley’s behalf in April 1989, he argues that this cannot be considered a “step in the prosecution” of the case under Article 561 based upon D & S Builders, Inc. v. Mickey Construction Co., Inc., 524 So.2d 245 (La.App. 5th Cir.1988). In that case, the court held that the payment of an additional cost deposit, even though requested by the clerk of court, did not interrupt the five-year period for abandonment because such an advance “simply made it possible for plaintiff to take steps • in prosecution of its case; it did not in itself constitute such a step.” 524 So.2d at 246. Mr. Galuszka further relies upon the Fifth Circuit’s finding that the payment of costs “did not take place before the court and on the record and did nothing to hasten the matter toward judgment.” Id. at 247. He emphasizes that in this case, as in D & S Builders, he neither appeared in court in response to the Clerk’s rules, nor filed anything into the record in response to either rule. Thus, because his April 1989 payment cannot be considered a “formal action, before the court and on the record,” as required under Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983), Mr. Galuszka argues that it cannot be found to have interrupted the period for abandonment under Article 561.
However, we find that the payment at issue here was made under significantly different circumstances from that involved in D & S Builders. In this case, the clerk did not merely request a deposit of additional funds to cover potential future proceedings, but instead demanded payment of a fee required in order to preserve Ms. Haley’s right to a jury trial. This demand was made by a formal “Rule to Dismiss or Strike Pleading” that was filed into the record, set for contradictory hearing before the court, and served on Mr. Galusz-ka. Through this service, Ms. Haley was informed that unless the $100.00 fee was paid, “the ^pleading requesting the jury trial [could] be stricken.” Although it does not appear that a minute entry was prepared to document that the matter was satisfied and a hearing no longer required, the March 1989 Rule was stamped by the clerk of court’s cashier to reflect that the payment had been received. Clearly, both the clerk’s demand and the response on plaintiffs behalf constituted a “formal action” that was noted “on the record,” two of the three relevant factors cited in Chevron Oil. The matter was not brought “before the court” only because Mr. Galusz-ka’s payment obviated the need for further action. These distinguishing facts establish that, unlike the advance deposit for *173 costs at issue in D & S Builders, the April 1989 payment of the jury fee was a formal step meant to move the medical malpractice suit toward judgment.
More importantly, we find that the action taken by Mr. Galuszka is not indicative of any intent to abandon the claims asserted in the medical malpractice suit. Had he failed to respond to the clerk’s second Rule, it could be inferred either that a jury trial was no longer desired, or that the demands against the medical providers would no longer be pursued. However, by paying the $100.00 fee to preserve Ms. Haley’s right to present her claims to a jury, Mr. Galuszka demonstrated the expectation that the matter would be proceeding to trial in the future. Because the April 1989 payment is inconsistent with any inference of an intent to abandon the medical malpractice suit, we find that it constituted a “step in the prosecution” of that case under Article 561.
Accordingly, we hold that the underlying medical malpractice suit was not legally abandoned until April 1994, five years after Mr. Galuszka paid the $100.00 jury fee. Because Ms. Haley asserted her claim for legal malpractice within three years of that date, the trial court erred as a matter, of law in holding that the instant suit was untimely under La. R.S. 9:5605. In view of this conclusion, we need not |fiaddress the plaintiffs arguments regarding the continuing tort theory or the fraud exception under subsection E of that statute.
For the reasons assigned, the trial court’s judgment of dismissal is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.

. Ms. Haley sues on behalf of herself and her minor son, Ryan, who was erroneously named as "Ronald” in the initial petition.

. While Mr. Galuszka avers that he no longer represented Ms. Haley after this event, and thus had no further duty to act on her behalf, that is an issue of fact, to be decided on the merits.

. The State Attorney General was later added as a defendant in an amending petition that challenges the constitutionality of La. R.S. 9:5605. We pretermit any discussion of that challenge, as it was not addressed by the district court and is not necessary to our decision in this appeal.

. Article 561 was subsequently amended, effective July 1, 1998, to reduce this period from five to three years. 1997 La. Acts 1221.