897 So.2d 19 (2004)
Brazil PATERNOSTRO
v.
Quentin D. FALGOUST, M.D.
No. 2003 CA 2214.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Writ Denied December 17, 2004.
*20 Stephanie C. Reuther, Chalmette, Sherif K. Sakla, M.D., Gretna, Counsel for Plaintiff/Appellant Brazil Paternostro.
Joseph A. Reilly, Jr., Stacy A. LeCompte, Houma, Counsel for Defendant/Appellee Quentin D. Falgoust, M.D.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GUIDRY, J.
In this personal injury action, plaintiff, Brazil Paternostro, appeals the trial court's granting of defendant's, Quentin D. Falgoust, M.D., motion to dismiss the action as abandoned. For the reasons that follow, we amend and, as amended, affirm.

FACTS AND PROCEDURAL HISTORY
In 1992, plaintiff underwent two surgical procedures on his eyes to correct myopia, which were performed by Dr. Falgoust. On June 20, 1997, plaintiff filed a petition for damages against Dr. Falgoust, alleging negligence in the performance of both procedures. Plaintiff subsequently filed several motions with the trial court, including the following: request for production of documents filed on February 29, 2000; motion to terminate counsel of record filed on May 23, 2000; motion to enroll counsel of record filed on October 24, 2000; motion *21 to substitute counsel of record filed on March 26, 2002; and notice of deposition filed on April 11, 2003.
On April 11, 2003, Dr. Falgoust filed an ex parte motion and order to dismiss the action as abandoned. The trial court signed the order and granted a dismissal of plaintiff's claim on April 14, 2003. Plaintiff thereafter filed a motion to set aside the order of dismissal. Following a hearing on May 9, 2003, the trial court signed a judgment granting Dr. Falgoust's motion to dismiss the action as abandoned, dismissing plaintiff's claims against Dr. Falgoust with prejudice, and assessing costs against plaintiff.[1] Plaintiff now appeals from this judgment.

Abandonment

General Principles
The controlling statutory provision in this case is La. C.C.P. art. 561, which provides in part:[2]
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,
* * *
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and is effective without court order. Clark v. State Farm Mutual Automobile Insurance Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784.
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court, which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party. Clark, 00-3010, pp. 5-6 (La.5/15/01), 785 So.2d at 784.
The jurisprudence has uniformly held that article 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Clark, 00-3010 at pp. 8-9, 785 So.2d at 785-786.
*22 With these general principles in mind, we now address plaintiff's argument that his motions to terminate, enroll, and substitute counsel; discovery requests directed to non-parties; payment of court costs; and notice of deposition were steps in the prosecution of his suit which interrupted the running of the three-year abandonment period.

Motions to Terminate, Enroll, and Substitute Counsel
The jurisprudence clearly establishes that motions to withdraw or enroll as counsel or to substitute counsel are not considered formal steps before the court in the prosecution of the suit. Such motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps because they do not hasten the matter to judgment. Willey v. Roberts, 95-1037, p. 5 (La.App. 1st Cir.12/15/95), 664 So.2d 1371, 1375, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422; Donald G. Lambert Contractor, Inc. v. State, Department of Highways, 577 So.2d 341, 342 (La.App. 1st Cir.), writ denied, 580 So.2d 923 (La.1991); see also Theriot v. State, Department of Transportation and Development, 01-1420, pp. 3-4 (La.App. 1st Cir.9/25/01), 809 So.2d 279, 282.
On May 23, 2000, plaintiff filed a motion to terminate counsel of record into the suit. Plaintiff argues that a motion to terminate counsel of record is distinguishable from a motion to withdraw, enroll, or substitute and therefore, is a step in the prosecution of his suit under article 561. However, we do not agree. A motion to terminate counsel of record, like a motion to withdraw, is not intended to hasten the matter to judgment, but rather, makes it possible to prepare to take steps toward the prosecution or defense of a case. Further, it is especially hard to find in the instant case that plaintiff's motion to terminate was intended to hasten the matter to judgment, when the attorney who was the subject of the motion had previously filed a motion to withdraw as counsel of record, and the trial court signed an order granting such withdrawal a year prior to plaintiff's motion to terminate. Therefore, we agree with the trial court that a motion to terminate counsel, like a motion to withdraw, does not qualify as a step in the prosecution of plaintiff's suit.
In addition to the motion to terminate counsel, plaintiff also filed motions to enroll and substitute counsel in October 2000 and March 2002, respectively. Plaintiff now argues that even though these motions individually may not qualify as steps in the prosecution, when considered collectively, they are sufficient to constitute a step in the prosecution of his suit. However, we find no jurisprudence or statutory provision to support a conclusion that the quantitative nature of a plaintiff's actions should be considered in determining if a step has been taken in the prosecution of his suit so as to avoid abandonment. Furthermore, the motions filed by plaintiff, no matter how numerous, still did not hasten the suit toward judgment, but merely made it possible to take steps or prepare to take steps toward the prosecution of his suit.

Discovery Requests to Non-Party
Plaintiff next argues that during the three-year abandonment period he conducted formal discovery pursuant to La. C.C.P. art. 1463, and according to La. C.C.P. art. 561(B), this formal discovery unquestionably qualifies as a step in the prosecution of his suit. Louisiana Code of Civil Procedure article 1463 provides in part:
A. Articles 1461 and 1462 do not preclude an independent action against a person not a party for production *23 of documents and things and permission to enter upon land.
B. In addition, a party may have a subpoena duces tecum served on a person not a party directing that person to produce documents.... A reasonable notice of the intended inspection, specifying the date, time, and place shall be served on all other parties. (Emphasis added.)
Further, article 561(B) provides that formal discovery as authorized by this code and served on all parties shall be deemed to be a step in the prosecution of an action. (Emphasis added.)
In its reasons for judgment, the trial court relied on the fourth circuit's decision in Picone v. Lyons, 94-2428 (La.App. 4th Cir.4/26/95), 653 So.2d 1375, writ denied, 95-1506 (La.9/29/95), 660 So.2d 852, in determining that request for production of documents to a non-party is not a step in the prosecution of a suit. However, in Picone, the court rendered its decision based on the fact that at that time, the Louisiana Code of Civil Procedure did not provide for or include as formal discovery requests for production of documents directed to non-parties. Picone, 94-2428, at p. 3, 653 So.2d at 1377. Since Picone, the legislature amended La. C.C.P. art. 1463, which as outlined above provides for such discovery. Therefore, the trial court's reliance on Picone as controlling this issue is misplaced. Rather, we must examine La. C.C.P. art. 1463 and related provisions to determine whether such discovery constitutes a step in the prosecution of plaintiff's suit.
According to the plain language of La. C.C.P. art. 1463, requests for production of documents may be directed to non-parties. However, the exception to the formal action requirement, found in La. C.C.P. art. 561(B), only applies to formal discovery that is authorized by the Code and served on all parties. See Clark, 00-3010, p. 6 n. 6, 785 So.2d at 784 n. 6. This requirement of service is in keeping with the concept of notice, which the supreme court recently addressed as follows: The rule requiring a party's action to be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment. Clark, 00-3010, at p. 17, 785 So.2d at 790. Otherwise, actions interrupting abandonment could occur without opposing parties formally learning of them for months or years, to their possible prejudice. Clark, 00-3010 at p. 17, 785 So.2d at 790.
Therefore, we find that in order for request for production of documents to a non-party to be considered a step in the prosecution of a case, it must be served on all parties. In the instant action, plaintiff did not serve Dr. Falgoust with notice as required by La. C.C.P. art. 561(B) and did not file his requests for production of documents to non-parties into the record of the suit. Therefore, we find that plaintiff failed to establish that his requests for production of documents directed to non-parties qualified as steps in the prosecution of his suit.

Payment of Court Costs
Plaintiff further contends that his payment of court costs evidences his intent to prosecute his suit. In D & S Builders, Inc. v. Mickey Construction Co., 524 So.2d 245, 247 (La.App. 5th Cir.1988), the fifth circuit determined that the payment of court costs did not take place before the court and on the record and did nothing to hasten the matter to judgment. Accordingly, the fifth circuit determined that the payment of court costs, as with the enrolling of counsel, simply made it possible for plaintiff to take steps in the prosecution of its case; it did not in itself constitute such a step. D & S Builders, Inc., 524 So.2d at *24 247; see also Sanders v. Luke, 92 So.2d 156, 158 (La.App. 1st Cir.1957).
Plaintiff, however, relies on the fourth circuit's decision in Haley v. Galuszka, 98-2854 (La.App. 4th Cir.9/8/99), 744 So.2d 170, writ denied, 99-2883 (La.12/10/99), 751 So.2d 857, wherein that court found that payment of court costs constituted a step in the prosecution so as to interrupt abandonment. In Haley, the court found that unlike D & S Builders, Inc., the clerk of court did not merely request a deposit of additional funds to cover future proceedings, but instead demanded payment of a fee required in order to preserve the plaintiff's right to a jury trial. The demand was made by a formal rule to dismiss or strike pleading requesting jury trial, which was filed into the suit record, set for hearing before the court, and served on the plaintiff. The rule was subsequently stamped by the clerk's office to reflect that payment had been received. According to the fourth circuit, the clerk of court's demand and the response on plaintiff's behalf constituted a formal action that was noted on the record. Haley, 98-2854 at pp. 4-5, 774 So.2d at 172.
In the instant case, though the clerk of court may have demanded payment of certain court costs, as asserted by plaintiff, there was no formal action on the record taken by either party. Unlike Haley, the clerk of court in the instant case did not issue and file into the suit record a formal rule to dismiss or strike pleading, nor was any payment by plaintiff of such requested costs noted or filed into the suit record. Absent this formal action noted in the record, we find the reasoning articulated by the fifth circuit in D & S Builders, Inc. to be the correct approach and agree with the trial court in finding that the payment of court costs did not constitute a step in the prosecution so as to interrupt the abandonment period. See also Sanders, 92 So.2d at 158.

Notice of Deposition
Plaintiff finally asserts that his action taken in seeking the deposition of Dr. Jonathan Calkwood was an active step in the prosecution of his case. According to the record, a notice of deposition for Dr. Calkwood was filed on April 11, 2003. However, at the time the notice was filed, the three-year abandonment period had already accrued, the last action having been taken on February 29, 2000. It is well settled that actions taken by a plaintiff after abandonment has accrued are without effect and cannot revive an abandoned action. Clark, 00-3010 at p. 15, 785 So.2d at 789; Willey, 95-1037 at p. 5 n. 2, 664 So.2d at 1376 n. 2.
Therefore, based on our discussion as outlined above, we find no error in the trial court's granting of Dr. Falgoust's motion to dismiss plaintiff's action as abandoned and dismissal of plaintiff's claims against Dr. Falgoust. However, we note that the jurisprudence provides that a trial court is without authority to dismiss an action with prejudice for failure to prosecute. St. Tammany Parish Sewerage Dist. No. 7 v. Monjure, 95-0937 (La.App. 1st Cir.12/15/95), 665 So.2d 801. As such, the trial court erred in dismissing plaintiff's action with prejudice and we amend the judgment to delete the words "with prejudice" and to substitute the words "without prejudice."

Court Costs
Plaintiff also asserts on appeal that the trial court erred in assessing court costs against him because the Louisiana Code of Civil Procedure does not provide for the assessment of costs against a party whose lawsuit is dismissed as abandoned. However, La. C.C.P. art.1920 does provide:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

*25 Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
In the instant case, Dr. Falgoust prevailed on his motion seeking the dismissal of plaintiff's action as abandoned. As such, we find no abuse of discretion in the trial court's assessment of court costs to the plaintiff.

CONCLUSION
For the foregoing reasons, we amend the judgment appealed to reflect that the dismissal of the appellant's claims is without prejudice. In all other respects, the trial court's judgment is affirmed. All costs of this appeal are to be borne by the appellant, Brazil Paternostro.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The original judgment, with reasons, was signed in this matter on July 9, 2003. However, this court, ex proprio motu, issued a rule to show cause why the appeal should not be dismissed for lack of a proper judgment. An interim order was issued, remanding this matter to the trial court for the limited purpose of having the trial court sign a valid judgment separate from its reasons. The record was thereafter supplemented with a final judgment, signed on January 9, 2004.
[2] Louisiana Acts 1997, No. 1221 § 1, reduced the abandonment period from five years to three years and added subsection B. Section 2 of the same act provided that "[t]his act shall become effective on July 1, 1998, and shall apply to all pending actions." Therefore, because this suit was pending on the effective date of the amendment, it falls within the category of cases the legislature intended to be subject to the reduced period provided for in the amendment. Green v. Southern United Fire Insurance Co., 99-1430, p. 3 (La.App. 1st Cir.6/23/00), 762 So.2d 1156, 1158.