948 So.2d 279 (2006)
Thomas L. FURR d/b/a Christian Construction Company
v.
PEARCE & LeBLANC, INC., Tri-State Road Boring Incorporated and Parish of St. Charles.
No. 06-CA-564.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2006.
*280 Donald G. Cave, Attorney at Law, Baton Rouge, LA, for Plaintiff/Appellant.
Steven B. Loeb, Yvonne R. Olinde, Breazeale, Sachese & Wilson, LLP, Attorneys at Law, Baton Rouge, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS, and GREG G. GUIDRY.
EDWARD A. DUFRESNE, Jr., Chief Judge.
This is an appeal by Thomas L. Furr, d/b/a Christian Construction Co., plaintiff-appellant, from a judgment dismissing with prejudice his suit against Pearce & LeBlanc, et al. on grounds of abandonment. For the following reasons we affirm that judgment.
The pertinent facts are these. Suit was instituted in 1984, and various papers were filed by the parties over the next 15 years. The last document appearing in the record during that period was filed on June 24, 1999. On October 14, 2004, the clerk of court filed a motion to dismiss the case because the record indicated that no action had been taken for over three years as provided by La.Code Civ. Pro. Art. 561. That motion was granted on the date of filing. The record shows that notice of the judgment was mailed to counsel of record on February 16, 2005.
On February 25, 2005, plaintiff's counsel filed a motion to set aside the dismissal. He represented there that he had received notice of the dismissal on February 17, 2005. He also submitted copies of interrogatories which had been sent to defendants' counsel on February 19, 2002. Then on April 14, 2005, the October 14, 2004, order of dismissal was set aside.
The next action was on March 23, 2006, when plaintiff urged a motion to set the case for trial. The defendants responded by filing a motion to dismiss, again based on abandonment. They asserted that the operative three year period of inaction ran not from June 24, 1999 to October 14, 2004, as urged by the clerk of court, but rather from service of the interrogatories on February 19, 2002, to February 25, 2005, when plaintiff's motion to set aside the earlier dismissal was filed. This motion for dismissal was granted. Plaintiff now appeals.
Article 561 of the Louisiana Code of Civil Procedure is as follows:
561. Abandonment in trial and appellate court
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or,
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense *281 of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
(3) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
(4) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
In Clark v. State Farm Mutual Automobile Ins. Co., XXXX-XXXX (La.5/15/01), 785 So.2d 779, the court discussed this statute at length and made the following rulings. First, the court recited that a plaintiff must take some step in the prosecution of the action which must appear of record, except for formal discovery actions, and which must be taken within three years of the last action taken by any party. Second, it noted that the statute is self-executing, i.e. abandonment occurs automatically upon the passing of three years of inaction. Finally, it noted that in only two circumstances could abandonment be defeated by matters not appearing of record, or not involving formal discovery. One is the contra non valentum rule which applies where circumstances beyond plaintiff's control prevent any action. The other is when the defendant waives his right to assert abandonment by taking actions inconsistent with his intent to treat the case as abandoned.
The evidence presented in the district court shows that no action was taken by any party in the prosecution or defense of the action as contemplated in Art. 562 between February 19, 2002, and February 25, 2005, a period of over three years. The action was consequently abandoned. The next inquiry is whether plaintiff can avail himself of either of the two exceptions enunciated in Clark v. State Farm Mutual Automobile Ins. Co., supra. There is no assertion here by appellant that the defendants waived their rights to urge abandonment. The only other ground which would defeat abandonment is therefore the doctrine of contra non valentem.
As noted above, the doctrine of contra non valentem applies when a party is prevented from acting by circumstances beyond his control. Appellant argues here that because of the dismissal of his case on motion of the clerk of court on October 14, 2004, he was legally prevented from taking any action on the record prior to February 25, 2005, when he filed his motion to reinstate the matter. Alternatively, he argues that the dismissal of 2004 interrupted the three year period of Art. 561. We disagree with both assertions.
First, Art. 561 provides that a judgment of dismissal does not become final until 30 days after it is served on the plaintiff, which in this case was February 17, 2005. Thus, there was no legal impediment to *282 appellant filing papers in the record or pursuing formal discovery before February 20, 2005, when the three year period for abandonment ran. Second, the article states explicitly that it is the parties who must take action within the three year period. Here the first motion for dismissal was urged by a non-party, the clerk of court. Because the clerk was not a party, his action did not affect the running of the applicable period.
For the foregoing reasons the judgment of the district court dismissing this action with prejudice on grounds of abandonment is hereby affirmed.
AFFIRMED.