JUDE G. GRAVOIS, Judge.
| PPlaintiff/appellant, Richard Felo, appeals a trial court judgment denying his motion to set aside the dismissal of his medical malpractice suit against defendant/appellee, Ochsner Medical Center-Westbank, LLC, on grounds of abandonment. For the reasons that follow, we amend the judgment, and as amended, we affirm.

FACTS AND PROCEDURAL HISTORY

On May 10, 2011, Mr. Felo filed a petition for damages against Ochsner, alleging that he was injured after falling following a right total hip arthroplasty.[1] Ochsner answered the petition on July 22, 2011. On July 28, 2011, Ochsner filed a request for a jury trial. A jury deposit Order was signed by the trial court on July 29, 2011 and was mailed to the parties on August 10, 2011.
No further action toward resolution of the case occurred until August 6, 2014, when Mr. Felo propounded interrogatories and requests for production of documents to Ochsner. Ochsner subsequently filed an ex parte motion to dismiss lathe action on grounds of abandonment. On September 3, 2014, the trial court signed an order *419 dismissing the action with prejudice on grounds of abandonment.
On October 3, 2014, Mr. Felo filed a motion to set aside the judgment of , dismissal, alleging that the act of propounding discovery on August 6, 2014 was within three years of the last step in prosecution of this matter, that is, service by mail on the parties of the jury deposit Order on August 10, 2011. Following a hearing on November Í0, 2014, the trial court denied Mr. Felo’s motion to set aside the judgment of dismissal and signed a judgment to that effect on November 20, 2014. This timely appeal followed.

ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Mr. Felo argues that the trial court erred in denying his motion to set aside the judgment of dismissal. He argues that the jury deposit Order was granted under La.' C.C.P. art. 1734.1,[2] which requires that for the jury deposit Order to be perfected, the requesting party must pay a fee and the notice of the fixing of the deposit shall be served on the parties. Accordingly, he contends the mailing of the notice of the jury deposit Order was “part and parcel of the defendant’s request for a jury trial and that request was not perfected until the jnjotice was mailed” on August 10, 2011. Mr. Felo thus argues that because he | ¿propounded discovery within three years of August 10, 2011, his case was not abandoned.
The trial court dismissed Mr. Felo’s. suit pursuant to La. C.C.P. art. 561, which provides^ in pertinent part: [1]
-A. (1) An action, except as provided in Subparagraph (2) of-this Paragraph, is abandoned when the parties fail, to take any step in its prosecution or defense in the trial court for a period of three years, — (Emphasis added.) ⅜ , * * .
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dis- . missal as of the date of its abandonment. The sheriff shall serve.the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or *420 ' without-formal notice, shall be deemed to be a step in the prosecution or defense of an action.
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must- establish that a party took a “step” towards prosecution or defense of the lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party;. sufficient action by either plaintiff or defendant will be deemed a step. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784.
Abandonment takes place by operation of law. It is self-executing. It occurs automatically upon the passing of three years without a step being taken by either | ¿party. It is effective without court order. Lewis v. Comm’r of Ins. for La., 11-347 (La.App. 5 Cir. 12/13/11), 81 So.3d 890, 895. Once abandonment has occurred, action by the plaintiff cannot breathe new life hito the suit. Clark, supra, 785 So.2d at 789.
Whether an action has been abandoned is a question of law and is therefore subject to de novo review on appeal. Vaughan v. Swift Transp. Co., 14-0208 (La.App. 5 Cir. 10/29/14), 164 So.3d 235, 237.
The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Clark, supra at 785. Abandonment ,is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Id. at 786.
Abandonment is not a punitive concept;' rather,' it is a balancing concept. Abandonment balances two equally sound, competing policy considerations: on the one hand, the désire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable délay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims'from the normal extinguishing operation of prescription. Clark, supra at 787, citing Sanders v. Luke, 92 So.2d 156 (La.App. 1 Cir.1957).

I$sue presented

The issue presented in this assignment of error is whether the mailing of the jury deposit Order by the clerk of court was a step in the prosecution of the action that tolled the running of abandonment.

Arguments of the parties

Mr. Felo argues that the clerk’s service of notice of the jury deposit Order was an essential step in moving the case to trial, as the request was not perfected until the notice was mailed to the parties. He argues ■ that jurisprudence has- indeed | ¿recognized that the court may act to complete a step initiated by the parties and that this action may affect the three-year prescriptive abandonment period. For example, in Hinds v. Global Int’l Marine, Inc., 10-1452 (La.App. 1 Cir. 2/11/11), 57 So.3d 1181, 1184, it was argued that more than three years had passed between a February 1, 2006 deposition and the filing of a motion to reset on June 3, 2009 without any steps being taken in the prosecution of the case. However, on July 8, 2004, the defendant filed a peremptory exception of prescription and alternatively a motion to dismiss. Id. at 1182. The exception *421 and motion were set for hearing, but the plaintiff filed an unopposed motion to continue the hearing. Id. at 1182-1183. The motion was granted and the hearing was reset. Id. at 1183. On October 18; 2004, the plaintiff filed a second unopposed motion to continue the hearing, requesting that the matter be continued and reset for a date and time convenient to the court. Id. The motion remained pending with the court until May 14, 2007, when the order was marked “MOOT,” was returned unsigned to the 'clerk of court, and was filed on May 17, 2007. Id. The court found that when the district court denied the plaintiffs motion by declaring it moot, “the step initiated by [the] plaintiff was complete.” Thus, the court considered that the aban-dorimentperiod began to run anew on May 15,2007, the day after the court denied the plaintiffs motion to reset the hearing. Id. at 1185.
Mr. Felo also relies- on Wilkerson v. Buras, 13-1328 (La.App. 1 Cir. 8/12/14), 152 So.3d 969. In Wilkerson, the defendant filed an exception of no right- of action on September 11, 2008, but for reasons unclear from the record, the trial court took no action on the exception until after the defendant filed an application for a writ of mandamus on May 26, 2009, to force a- ruling. Id. at 972. The court finally signed a judgment denying the exception on July 10, 2009, and the judgment was filed into the record on July 13, 2009. Id. The question before the 17court focused on which- of the three dates. (May 26, 2009, July 10, 2009, or July 13, 2009) the period of abandonment began to accrue. Id. at 977. The court found, relying on Hinds, that the court’s action in filing the July 10, 2009 judgment in the record on July 13, 2009 completed the defendant’s step to force a ruling on his exception of no right of action. Id. at 978.
Mr. Felo also relies on the Fourth Circuit’s decision in Haley v. Galuszka, 98-2854 (La.App. 4 Cir. 9/08/99), 744 So.2d 170, writ denied, 99-2883 (La.12/10/99), 751 So.2d 857, to support his argument. Haley involved a legal malpractice suit in which the plaintiff sued her attorney after her attorney allegedly allowed her medical malpractice claim to become .abandoned. The facts presented reveal that in January 1988, the clerk of court “filed a rule for payment of a $100.00 jury' fee” against plaintiff through her attorney. Id. at. 171. An identical rule was filed on March 28, 1989. Id. On, April 14,. 1989, the attorney paid the $100.00 jury fee demanded by the clerk. Id. No further action was taken.in the suit until November 1995. Id. The Court found that both the clerk’s demand seeking payment of the jury fee and the attorney’s subsequent payment of the juiy fee constituted steps in the prosecution of the case-meant to move the medical malpractice suit toward judgment. Id. at 172-173.
In opposition, Ochsner argues that ‘the plain language of Article 561 reveals that only steps taken by the parties, not the court, can serve to interrupt the abandonment period under Article 561. Ochsner also argues that in James v. Formosa Plastics Corp., 01-2056 (La.04/03/02), 813 So.2d 335, the Supreme Court, as part of its analysis in determining if- the case before it had been abandoned, ruled that the action of the Court’s denial of writs in response to the plaintiffs application for a writ of certiorari on a prescription issue could not serve to interrupt the abandonment period as to the plaintiffs actions against a defendant | «“because it was not a step in the prosecution or defense of the action taken by the parties.” Id. at 340.
In response, Mr. Felo argues that in James, the Supreme Court did not issue a blanket holding, but rather issued a limit *422 ed holding' that the Court’s - filing of the notice of writ denial did not toll abandonment becausé it “in no way affected plaintiffs actions” against a separate defendant not involved in the writ action. James, 813 So.2d at 341.

Analysis

 Article 561(A)(1) states that an action is deemed abandoned' “when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” (Emphasis added.) When a statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written. Dejoie v. Medley, 08-2223 (La.5/5/09), 9 So.3d 826, 829; see La. C.C. art. 9; La. R.S. 1:4.
This Court and other Louisiana intermediate appellate courts have relied on this plain reading of the statute in finding that only actions of parties can affect the running of the three-year prescriptive period. For example, in Furr v. Pearce & LeBlanc, Inc., 06-564 (La.App. 5 Cir. 12/27/06), 948 So.2d 279, 282, this Court found that the action of the clerk of court in filing a motion to dismiss did not affect the running of the applicable prescription period because “the article states explicitly that it is the parties who must take action within the three year period.”[3]
Also, in Edwards v. Chrysler Motor Co., 07-0326 (La.App. 1 Cir. 02/08/08), 984 So.2d 85, 89, the plaintiff relied on actions in the court of appeals, i.e., the date the record was lodged in the appeals court, the date the appeals court issued notice to file briefs, and the date the appeals court issued its order denying a writ application, as steps interrupting the prescriptive period. The court found that relying on the actions of the court was “misplaced.” Id. Specifically the court stated that “[a]ctions taken by courts do not interrupt the abandonment period simply because they are not actions in the prosecution or defense of the action taken by the parties in the trial court as required by La. C.C.P. art. 561,” citing James v. Formosa Plastics Corp., supra. Id.
In James, the plaintiff filed suit against Formosa Plastics Corporation of Louisiana, XYZ Insurance Company, and her employer, West>-Pain Laboratories, Inc., for injuries sustained while in the course and scope of her employment. West-Pain filed an exception of prescription which the trial court granted. The trial court then granted the plaintiffs motion for a devolutive appeal, and the court of appeal affirmed the granting of the exception. The Supreme Court denied the plaintiffs application for a writ of certiorari. Formosa later filed a motion for order of dismissal of the plaintiffs suit based on abandonment. The trial court granted the motion, and the court of appeal reversed. The Supreme Court granted certiorari to *423 consider the correctness of the court of appeal’s judgment. James, 813 So.2d at 337. The Court first determined that the trial court was divested of jurisdiction as to defendant West-Pain, but not as to defendant Formosa, because none of the matters relating to Formosa were reviewable under the appeal. The plaintiff argued that the suit was not abandoned because the actions taken in pursuit of the appeal involving West-Pain served to interrupt the abandonment period as to Formosa. The Court noted that actions, such as the application for a |inwrit of certiorari and West-Pain’s opposition thereto, were not “steps” in the prosecution or defense of the action in the trial court, and even if they were, they were still filed three years before the motion to dismiss was filed. The Court further stated that its denial of writs in response to the plaintiffs application for a writ of certiorari on the prescription issue could not serve to interrupt the abandonment period as to the plaintiffs actions against Formosa “because it was not a step in the prosecution or defense of the action taken by the parties.” Further the filing of the notice of the Supreme Court’s denial of writs in the trial court record was not a step in the prosecution or defense of the action because it was not a formal action “before the trial court” intended to hasten the matter to judgment. The filing of the notice “in no way affected [the] plaintiffs action against Formosa.” James, 813 So.2d at 340-341.
Upon review, considering the foregoing, the holdings of Hinds, Wilkerson, and Haley notwithstanding, upholding our civilian tradition, we are constrained to follow the plain language of Article 561(A)(1), that “[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” (Emphasis added.) Since this statute is in our opinion clear and unambiguous and its application does not lead to absurd consequences, we must apply the same as written. We aré further guided by the Supreme Court’s statement in James, that' its denial of writs in response to the plaintiffs application for a writ of certiorari on the prescription issue could not serve to interrupt the abandonment period as to the plaintiffs actions against Formosa “because it was not a step in the prosecution or defense of the action taken by the parties.” (Emphasis added.) As such, we find that in the present case, the mailing of the jury deposit Order by the clerk of court was a not step taken by the parties in the prosecution of the action that tolled the running of abandonment. Accordingly, the Inlast formal action taken by the parties on the record is the filing of Ochsner’s request for a jury trial on July 28, 2011. Because no action was taken by the parties within three years of that date, the action was abandoned pursuant to Article 561. We accordingly affirm the trial court’s judgment dismissing the matter on the basis of abandonment.

ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Mr. Felo argues that the judgment of dismissal should have been granted “without prejudice,” rather than “with prejudice.” Mr. Felo argues that the dismissal with prejudice was legally improper, and thus the judgment should be modified to be “without prejudice.”
This Court as well as other courts have found that a dismissal on the grounds of abandonment is a dismissal “without prejudice.” D & S Builders, Inc. v. Mickey Constr. Co., 524 So.2d 245, 247 (La.App. 5 Cir.1988); La. Cent. Credit Union v. LeBlanc, 98-23 (La.App. 5 Cir. 05/13/98), 721 So.2d 921, 923; Argence, L.L.C. v. Box Opportunities, Inc., 11-1732 *424 (La.App. 4 Cir. 05/23/12), 95 So.3d 539, 541; Paternostro v. Falgoust, 03-2214 (La.App. 1 Cir. 09/17/04), 897 So.2d 19, 24, writ denied, 04-2524 (La.12/17/04), 888 So.2d 870, Accordingly, the trial court erred in dismissing Mr. Felo’s action with prejudice. We amend the judgment to delete the words “with prejudice” and to substitute the words “without prejudice.”

CONCLUSION

For the foregoing reasons, we amend the judgment of the trial court to dismiss Mr.. Felo’s suit against Ochsner without prejudice; and as amended, we affirm the judgment of the trial court..

AFFIRMED AS AMENDED

. Arthroplasty is surgery to relieve pain and restore range of motion by realigning or reconstructing a joint.

. La. C.C.P. art. 1734.1 .provides, in pertinent part:
A. When the case has been set for. trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which- shall be a specific cash amount, and the court shall fix the time for making the deposit, which shall be no later than thirty days prior to trial. The deposit shall include sufficient funds for payment of all costs associated with a jury trial; including juror fees and expenses and charges of the jury commission, clerk of court, and sheriff. The required deposit shall not exceed two thousand-dollars for the first day and four hundred -dollars per day for each additional day the court estimates the trial will last. Notice of the fixing of the deposit shall be served on all parties. If the deposit is, not timely made, any other party shall have an additional ’ten days to make the required deposit. Failure to post • the cash' deposit shall constitute a waiver of a trial by jury. However, no cash deposit shall be required of an applicant for a jury trial under the provisions of this Article if waived or an order is rendered, pursuant to Chapter 5 of Title I of Book IX of tire Code of Civil Procedure, permitting the applicant to litigate or continue to litigate without payment of- costs in advance or furnishing security therefor. (Emphasis added.).

. In Furr, the clerk filed a motion to dismiss the case on the basis of abandonment on October 14, 2004 which was granted. Furr, 948 So.2d at 280. On February 25, 2005, plaintiff filed a motion to set aside that dismissal. Id.. The order of dismissal was set aside after determining that discovery had been conducted on February 19, 2002, interrupting the abandonment period. Id. In 2006, defendants filed a motion to dismiss based on abandonment arguing the time period for abandonment ran from the service of the discovery on February 19, 2002 to February 25, 2005 when the plaintiff filed a motion to set aside the clerk’s first dismissal. Id. Plaintiff argued in defense that the clerk's filing of the motion to dismiss on October 14, 2004 dismissal interrupted the three-year period. Id. at 281, This Court determined that the clerk, a non-party to the suit, urged the first motion to dismiss. Id. at 282. Because the article states explicitly that it is the parties who must take action within the three-year period and the clerk was not a party, the clerk’s action did not affect the running of the applicable period. Id.