HUGHES, J.
|aThis is an appeal of a judgment dismissing plaintiffs/appellant’s claims as abandoned pursuant to LSA-C.C.P. art. 561. For the reasons that follow, we reverse the dismissal of the action and remand this matter to the district court for further proceedings.
FACTS AND PROCEDURAL HISTORY
Mickel James Hinds filed a petition for damages on May 28, 2004 alleging that he severely injured his neck, shoulder, and arm on June 3, 2001 while he was employed as a Jones Act seaman aboard the vessel “Statia Trader”, which was owned and/or operated by the defendant, Global International Marine, Inc. (GIM). GIM responded on July 8, 2004 by filing the peremptory exception of prescription and alternatively, a motion to dismiss the action pursuant to LSA-C.C.P. art. 123(B).[1] The exception and motion were originally set for hearing on August 20, 2004, but on August 11, 2004 plaintiff filed an unop *1183 posed motion to continue the hearing, requesting that the matter be “continued and reset for a date and time convenient to this court.” (Emphasis added). Thereafter, the hearing on the exception and motion was reset to October 22, 2004. On October 18, 2004 plaintiff filed a second unopposed motion to continue, requesting that the matter be “continued and reset for a date and time convenient to this court.” (Emphasis added). The motion remained pending with the court until May-14, 2007, when the order was marked “MOOT,” returned unsigned to the Clerk of Court, and filed on May 17, 2007.
| ¡¡Prior to the filing in the record of the “MOOT” order on May 17, 2007, plaintiff filed a notice of deposition on January 31, 2006, setting the deposition dates of Patricia Martinez and Dane Romano for February 1, 2006.
On October 22, 2008 plaintiff filed a motion to enroll new counsel. On February 9, 2009 plaintiff filed an ex parte motion for admission requesting that Mr. Dennis M. O’Bryan, a Michigan attorney not licensed in Louisiana, be allowed to appear pro hae vice on his behalf.
On June 3, 2009 plaintiff filed a “Motion and Order to Reset Global International Marine, Inc’s Peremptory Exception of Prescription or, in the alternative, Motion to Dismiss,” asking the court to reset GIM’s exception of prescription and motion to dismiss for hearing. In response, GIM filed a motion to have the action deemed abandoned for plaintiffs failure to take any step in its prosecution for more than three years. A hearing was held on July 31, 2009 and the trial court dismissed the suit as abandoned. This appeal followed.
LAW AND ANALYSIS
Whether a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. Lyons v. Dohman, 2007-0053, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, 774 (citing Bias v. Vincent, 2002-642, p. 5 (La.App. 3 Cir. 12/11/02), 832 So.2d 1153, 1156-57, writ denied, 2003-0112 (La.3/21/03), 840 So.2d 542). On the other hand, whether a particular act, if proven, precludes abandonment is a question of law that we review by simply determining whether the trial court’s interpretative decision is correct. Id (citing Jackson v. BASF Corporation, 2004-2777, p. 3 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, 415, writ denied, 2005-2444 (La.3/24/06), 925 So.2d 1231, and Olavarrieta v. St. Pierre, 2004-1566, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568, writ denied, 2005-1557 (La.12/16/05), 917 So.2d 1118).
^Abandonment is both historically and theoretically a form of liberative prescription that exists independent from the prescription that governs the underlying substantive claim. Clark v. State Farm Mutual Automobile Insurance Company, 2000-3010, p. 11 (La.5/15/01), 785 So.2d 779, 787. The policy underlying Article 561 is the prevention of protracted litigation that is filed for purposes of harassment or without a serious' intent to hasten the claim to judgment. See Chevron Oil Company v. Traigle, 436 So.2d 530, 532 (La.1983).
Abandonment is not a punitive measure; it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Benjamin-Jenkins v. Lawson, 2000-0958, p. 3 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, 895, unit denied, 2001-1546 (La.9/14/01), 796 So.2d 681.
Dismissal of a lawsuit is the' harshest of remedies. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court. Any *1184 action or step taken in a case to move the case toward judgment should be considered. Dismissal of those cases in -which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. Breaux v. Auto Zone, Inc., 2000-1534, p. 3 (La.App. 1 Cir. 12/15/00), 787 So.2d 322, 324, writ denied, 2001-0172 (La.3/16/01), 787 So.2d 316.
Louisiana Code of Civil Procedure article 561 governs abandonment and currently provides, in pertinent part:
A.(1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years
[[Image here]]
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall 1 senter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a. return pursuant to Article 1292.
[[Image here]]
B.Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. -
To prevent abandonment, LSA-C.C.P. art. 561 imposes three requirements on a party. First, a party must •take some “step” towards prosecution of the lawsuit. A “step” is either a formal action; before the court that is intended to hasten the suit towards judgment or the taking of formal discovery. Second, the “step” must be taken in the court where the suit is pending and, except for formal discovery, must appear in the suit record.[2] Third, the “step” must be taken within the legislatively prescribed time period. Jackson v. BASF Corporation, 2004-2777 at pp. 4-5, 927 So.2d at 416. See also Breaux v. Auto Zone, Inc., 2000-1534 at p. 3, 787 So.2d at 324.
Plaintiffs October 18, 2004 motion to continue and request that the matter be reset, with accompanying order, was a “step” in the prosecution of the suit. Barton v. Barton, 2006-2032 (La.App. 1 Cir. 8/8/07), 965 So.2d 939. While the February 1, 2006 deposition was also a “step” intended to hasten the matter to judgment, more than three years passed between February 1, 2006 and June 3, 2009 (the date of plaintiffs next motion to reset) without any “steps” being taken.[3] As such, it would appear that the action had been abandoned. However, we are concerned with the fact that plaintiffs request to reset the hearing remained | (¡pending before the court unanswered until May 14, 2007. The issue then is whether plaintiff is to be penalized for that period of time.
*1185 The policy underlying Article 561, as stated above, is to prevent protracted litigation that is filed for the purposes of harassment or without any serious intent to hasten the claim to judgment. Moreover, the jurisprudence dictates that, we construe the Article liberally in order to maintain an action whenever possible. Reviewing the'record before us, we find no indication that the plaintiff filed this suit with the intent to harass or without any serious intent to bring this claim to judgment. Mr. Hinds made several requests that the defendant’s exceptions be reset for hearing. While the court considered his second requ'est, plaintiff continued conducting discovery and enrolled new counsel, both actions that are inconsistent with the intent to abandon the claim. When the court in effect denied plaintiffs motion filed on October 18, 2004 by declaring it “moot”, the step initiated by plaintiff was completed. Therefore, in this case the abandonment period began to run anew on May 15, 2007 the day after the court denied plaintiffs motion. See LSA-C.C.P. art. 5059. Because the plaintiff took another “step” in the prosecution of his action on June 3, 2009, within three years of the court’s May 14, 2007 action, this matter was not abandoned at the time of GIM’s motion to dismiss.
CONCLUSION
For the reasons assigned herein, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to defendant/appellee, Global International Marine, Inc.
REVERSED AND REMANDED.
GUIDRY, J., concurs in the result.

. Louisiana Code of Civil Procedure article 123(8) states:
Upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated upon acts or omissions originating outside the territorial boundaries of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article.

. The only other categories of causes outside the record that satisfy the jurisprudential exceptions to the abandonment rule are: (1) a plaintiff-oriented exception, based upon contra non'valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception based upon acknowledgement that applies when the .defendant waives his right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned. Jackson v. BASF Corporation, 2004-2777 at p. 5, 927 So.2d at 416.

. It is undisputed that the filings associated with enrolling new counsel are not "steps” in the prosecution of a suit so as to interrupt the running of abandonment.