THERIOT, J.
|zThe plaintiff class, represented by Debbie Windham (“Windham”) and other named plaintiffs, appeals the Thirty-second Judicial District Court’s dismissal of their action on the ground of abandonment. For the following reasons, we reverse the dismissal and remand the case for further proceedings,
FACTS AND PROCEDURAL HISTORY
The underlying facts of the class action are not relevant to the primary issue of abandonment in this appeal. Briefly stated, a class action for damages was filed on June 25, 2004 by a number of individuals of whom Ms. Windham was a representative. Ms. Windham sued the Terrebonne Parish Consolidated Government and the Terrebonne Levee and Conservation District (collectively referred to as “the Parish”) over damages to their property caused by flooding on or about June 30, 2003, when Tropical Storm Bill struck the Parish of Terrebonne. The class claimed the levee under the operation of the Parish failed to protect them and their property from the flood waters.
Litigation in the class action continued until January 25, 2007, when it is undisputed from the record and by the parties that a deposition was taken. From that time until January 25, 2010, the case remained relatively inactive. The only discernible activity during that period were some letters dated July 16, 2008 and September 8, 2009 from Windham requesting documents that had been previously requested through formal discovery on August 4, .2006. It is not apparent from the record that Windham received or viewed these documents during the three-year period.
Gregory Schwab, counsel for the Parish at the time, sent a letter dated January 27, 2010 to Windham’s counsel, confirming that counsel for hWindham had visited Mr. Schwab’s office on January 15, 2010 and took possession of a CD containing files produced by Terrebonne Parish Consolidated Government.
In February of 2012, Mr. Schwab was replaced by Alexander Crighton as counsel for the Parish. On February 10, 2012, the Parish filed an ex parte motion and order to dismiss on ground of abandonment. In the motion, the Parish claimed that no step in the prosecution or defense of the case occurred between January 25, 2007 and January 25, 2010. The trial court signed the ex parte order dismissing the suit on February 23, 2012. Windham subsequently filed various pleadings, two being a motion to set aside the dismissal and a motion for new trial, both filed on April 30, 2012. Windham also entered into the record the letter of January 27, 2010. On August 21, 2012, the court denied the motions and dismissed Windham’s class action on the ground of abandonment. Windham filed a motion for appeal on September 19, 2012.
ASSIGNMENT OF ERROR
Windham avers that the actions taken by both parties outside the record of the *9 court constituted valid steps in the prosecution of the suit under La.C.C.P. art. 561. Therefore, the trial court erred in denying the motion to set aside judgment of dismissal and motion for new trial and upholding the Parish’s ex parte motion and order to dismiss suit on ground of abandonment.
STANDARD OF REVIEW
Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. On the other hand, whether a particular fact, if proven, precludes abandonment is a question of law that is reviewed Rsimply by determining whether the trial court’s decision was legally correct. Hutchinson v. Seariver Maritime, Inc., 09-0410, p. 4 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 992, writ denied, 09-2216 (La.12/18/09), 23 So.3d 946. At issue in the instant case is whether the visit by Windham’s counsel on January 15, 2010 to take possession of a CD which contained information relevant to the case, and/or the subsequent' letter of January 27, 2010 sent by Mr. Schwab confirming the same, are sufficient to interrupt the three year abandonment period prescribed by La.C.C.P. art. 561. The office visit on January 15, 2010 is not in dispute; therefore, the issue before this court is a question of law.
DISCUSSION
Dismissal of a lawsuit is the harshest of remedies, and the law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court. Hinds v. Global Intern. Marine, Inc., 10-1452, p. 4 (La.App. 1 Cir. 2/11/11), 57 So.3d 1181, 1183. Any action or step taken in a case to move the case toward judgment should be considered. Id. at 1183-84. Dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. Id. at 1184. The intent and substance of a party’s actions matter far more than technical compliance. Thibaut Oil Co., Inc. v. Holly, 06-0313, p.5 (La.App. 1 Cir. 2/14/07), 961 So.2d 1170, 1172-73.
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La.C.C.P. art. 561(A). There is no question that counsel for Windham requested documents from the Parish. A notice of deposition with accompanying request for production of documents was filed into the record |6on August 4, 2006. It is undisputed that counsel for Windham traveled to Mr. Schwab’s office and on January 15, 2010 inspected and copied documents that were previously requested. These “steps” were performed before and during the three-year period in question. The jurisprudence has uniformly held that La.C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Clark v. State Farm Mutual Automobile Insurance Company, 00-3010, p. 8 (La.5/15/01), 785 So.2d 779, 785 citing Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4 Cir.1976), writ denied, 341 So.2d 420 (La.1977). The degree of formality in the discovery should not therefore trump the act of discovery.
CONCLUSION
The visit to Mr. Schwab’s office by Windham’s counsel to inspect, copy, and take possession of documents that were formally requested through discovery in 2006 constitutes a step in the prosecution and final resolution of the case, and thus interrupted the period of abandonment. *10 Therefore, we find the trial court’s dismissal of Windham’s action on the ground of abandonment was legally incorrect.[2]
DECREE
The dismissal by the trial court of the petition filed on behalf of the class of plaintiffs represented by Debbie Windham on the ground of abandonment is reversed and remanded for further proceedings. Appeal costs in the amount of $4,175.00 are assessed to the appellees, Terrebonne Parish Consolidated Government and the Terrebonne Levee and Conservation District.
REVERSED AND REMANDED.

. Since we find that abandonment was interrupted on January 15, 2010, the issue of whether the letter dated January 27, 2010 constituted a post-abandonment acknowl-edgement is moot.