GUIDRY, J.,
dissenting in part.
Lin order to preserve the lawsuit in this case, the majority relies on the date a judgment was filed into the record, rather than the date on which the judgment was signed or rendered, citing to Hinds v. Global International Marine, Inc., 10-1452 (La.App. 1st Cir.2/11/11), 57 So.3d 1181. In Hinds, however, the date used was the date of the ruling. In particular, the court in Hinds observed that a ruling on a party’s motion remained pending “until May 14, 2007, when the order was marked ‘MOOT,’ returned unsigned to the Clerk of Court, and filed on May 17, 2007” Hinds, 10-1452 at p. 2, 57 So.3d at 1183 (emphasis added). The court in Hinds concluded that the step initiated concluded on the date the court ruled on the plaintiffs motion and that abandonment began to run anew on the day after the court ruled on the plaintiffs motion. Hinds, 10-1452 at p. 6, 57 So.3d at 1185. As pointed out, the court was well aware *979 and even observed the date the ruling was filed into the record, yet this later date was not used in Hinds as the date for commencing the running of the period for abandonment.
Somewhat in line with Hinds is a fourth circuit opinion that held that it was the hearing date rather than the date the prevailing party filed the proposed | ¿judgment or even the later date of when the proposed judgment was signed that commenced the running of the period of abandonment. Argence v. Box Opportunities, Inc., 11-1732, p. 4 (La.App. 4th Cir.5/23/12), 95 So.3d 539, 541. Therefore, I respectfully dissent.