**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**25-665**


**PINNACLE CONSTRUCTION GROUP, L.L.C.**

**VERSUS**

**DEVERE SWEPCO JV, LLC, LIBERTY MUTUAL**
**INSURANCE COMPANY, AND UNITY VILLAGE HOMES, LLC**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-5298-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**WILBUR L. STILES**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.


**AFFIRMED.**

**J. Andrew Murrell**
**Robert C. Ainsworth**
**1955 Carolyn Sue Drive**
**Baton Rouge, LA 70815**
**(844) 626-3739**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Pinnacle Construction Group, LLC**

**Harry J. "Skip" Philips, Jr.**
**Post Ofice Box 2471**
**Baton Rouge, LA 70821**
**(225) 387-3221**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Pinnacle Construction Group, LLC**

**John E. Seago**
**Seago & Associates, APLC**
**8126 One Calais Avenue Suite 2-C**
**Baton Rouge, LA 70809**
**(225) 766-5805**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Devere Swepco JV, LLC**

**Lucretia P. Pecantte**
**Attorney at Law**
**124 W. Washington Street, Suite B**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Unity Village Homes, LLC**

**David J. Krebs**
**Jonathan S. Ord**
**Krebs Farley, PLLC**
**400 Poydras Street, Suite 2500**
**New Orleans, LA 70130**
**(504) 299-3570**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Liberty Mutual Insurance Company**

**STILES, Judge.**

The trial court issued a July 29, 2025 order in favor of Pinnacle Construction Group, LLC ordering that Unity Village Homes, Inc.'s attempt to annul a default judgment rendered against it be dismissed as abandoned without prejudice pursuant to La.Code Civ.P. art. 561. Unity Village appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter, which has a lengthy and convoluted procedural history, arose from a contract whereby Pinnacle agreed to furnish labor and materials for the construction and improvement of homes in Unity Village, a residential development in Eunice. Pinnacle, in turn, recorded the statement of claim of privilege in St. Landry Parish, securing a lien for the payment of the price of Pinnacle's work.

On December 7, 2012, Liberty Mutual Insurance Company, as "Surety," recorded a payment bond in the St. Landry Parish property records, naming Devere Swepco as "Contractor" and Unity Village as "Owner" of the property. The bond acknowledged indemnification of the project against the lien in the sum of $248,125.00 due to Pinnacle. Suggesting a lack of notice, Pinnacle maintained that it was unaware for some time of the recording of the bond. On February 20, 2013, Pinnacle mailed demand letters to Unity Village and Devere regarding amounts due. The parties did not respond.

Pinnacle thus filed the November 13, 2013 Petition for Damages instituting this matter against Devere, Unity Village, and Liberty Mutual. The suit was assigned Number 13-C-5298-D and remains pending thereunder.

Both Liberty Mutual and Devere answered the petition, with Devere advancing a reconventional demand against Pinnacle and a cross claim against Unity

Village. Unity Village did not answer Pinnacle's petition, nor did it answer Devere's cross-claim. In light of that failure, the trial court entered a March 31, 2015 default judgment against Unity Village and in favor of Pinnacle for $198,000.00, plus legal interest from date of amicable demand. The Notice of Judgment was issued on April 22, 2015. Unity Village did not file for a new trial, nor did it appeal the default judgment rendered against it.

By an October 14, 2015 First Amending and Supplemental Petition for Damages, Pinnacle pursued its suit against Liberty Mutual as surety. Pinnacle explained that the default judgment had been entered against Unity Village and that the judgment became final after the appeal delays had run. Pinnacle reasoned that, since its claim against Unity Village was conclusively established by a final, non-appealable judgment, "Liberty Mutual, as surety, is now obligated to pay Pinnacle the full amount of the March 31, 2015 judgment against Unity Village."

More than seven months after the rendering of the default judgment against it, Unity Village filed a Petition to Annul Judgment on November 6, 2015. Rather than institute a new proceeding at that time, Unity Village filed its Petition to Annul Judgment within the same suit filed by Pinnacle, Number 13-C-5298-D. Unity Village disputed that it did not receive notice of the default proceedings "until after a Judgment had been signed by the Honorable Judge" and argued that the judgment must therefore be annulled for vices of form pursuant to La.Code Civ.P. art. 2002(A).[1]

---

[1] Louisiana Code of Civil Procedure Article 2002 provides, in part, that:

A. A final judgment shall be annulled if it is rendered:

. . . .

2

Pinnacle opposed the Petition to Annul Judgment, maintaining that "Unity Village received service numerous times and at various stages of the default judgment proceedings over and above what is required under Louisiana law." Pinnacle noted specific service of the petition for damages by private process servicer on February 25, 2014; service of the motion for preliminary default judgment and signed order entering a preliminary default judgment by the sheriff on April 28, 2014; notice of the signed default judgment mailed by the Clerk of Court on April 1, 2015; and service of the signed default judgment by the sheriff on April 28, 2015.

Unity Village later filed a Motion and Order to Amend the Petition to Annul Judgment, asserting that notwithstanding the default judgment, the surety bond had "already been filed, which extinguished" Unity Village's liability as owner of the construction project. The trial court did not sign the Order to Amend the Petition.

Rather, Pinnacle opposed Unity Village's Petition to Annul Judgment on the merits and opposed the Motion to Amend the Petition to Annul Judgment on procedural grounds. Pinnacle maintained that the filing improperly requested that the trial court set the nullity action for hearing rather than asking the trial court to allow the amendment. Pinnacle thus contended that the claims of the amendment had not been placed before the court. Pinnacle asked that the Motion to Amend the Petition to Annul Judgment be stricken from the record. Pinnacle alternatively

---

(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken.

Although we do not evaluate the merits or allegations of the Petition to Annul Judgment, we note that "[a]n action to annul a judgment obtained through a vice of form is absolutely null, and such action may be brought by a person with interest in a 'collateral proceeding[] at any time and before any court." *Broussard v. Mack*, 25-741, p. _ (La.App. 3 Cir. 5/20/26), _ So.3d _, _ (2026 WL 1407812).

advanced exceptions of res judicata, no cause of action, unauthorized use of summary proceedings, and insufficient citation and service of process. Again, those motions remained pending.

On May 17, 2016, Unity Village filed a request for injunctive relief, explaining that it filed a new Petition to Annul Judgment in a separate proceeding, Number 16-C-2121-B. It therefore sought "injunctive relief as it relates to the enforcement of the Judgment against this mover under the present docket number [13-C-5298-D] until the Petition to [A]nnul has been resolved." Pinnacle responded with the filing of a Motion to Consolidate the original matter with Unity Village's new filing in Number 16-C-2121-B and remarked that "the fact and legal claims in these two suits are nearly identical." The trial court set a hearing date of September 25, 2017. The record, however, neither contains a resolution of the injunctive relief requested by Unity Village nor the consolidation requested by Pinnacle.[2]

On September 25, 2020, Pinnacle filed a Motion to Set Exceptions for Hearing and for Status Conference and noted that in addition to the exceptions, its Motion to Consolidate, its Motion for Leave to File First Amending and Supplemental Petition for Damages, and Unity Village's Motion and Order to Amend the Petition to Annul Judgment remained pending. The trial court set those matters for an October 25,

---

[2] Unity Village's filing in Number 16-C-2121-B is contained in the present record only as an exhibit to Pinnacle's Motion to Consolidate. In addition to its claim of annulment for vices of form under La.Code Civ.P. art. 2002, Unity Village also averred that the default judgment was obtained "under ill practices and or otherwise fraud." *See* La.Code Civ.P. art. 2004.

This court has recently explained that, although an action to annul a judgment obtained through a vice of form may be brought in a collateral proceeding at any time and before any court, an action to nullify a judgment for a vice of substance must be brought by a direct action. *Broussard*, _ So.3d _. The "direct action may be brought in either 'a separate proceeding or by the filing of a pleading in the same proceeding as that in which the offending judgment was rendered.'" *Id.* at _ (quoting *Smith v. LeBlanc*, 06-41, p. 6 (La.App. 1 Cir. 8/15/07), 966 So.2d 66, 72).

4

2021 hearing. Upon Unity Village's subsequent motion, the trial court reset the hearing to March 7, 2022.

On March 3, 2022, however, Devere and Liberty Mutual sought a continuance of the March 7, 2022 hearing due to medical necessity and asked that the matter be refixed. The trial court reset the "hearing on exceptions scheduled for May 7, 2022" for May 23, 2022. The record is thereafter silent as to further actions between Pinnacle and Unity Village for a period of more than three years, although Pinnacle and Liberty Mutual litigated the enforcement of the surety bond. Unity Village did not participate in the ongoing litigation related to the surety bond.[3]

On February 28, 2025, Pinnacle filed a Motion to Revive Judgment and Reinscribe Judicial Mortgage. Pinnacle noted the March 31, 2015 default judgment against Unity Village and sought "recognition of the previously filed mortgage inscription of its judgment recorded in the Parish mortgage records under Act

---

[3] During the hiatus of activity between Pinnacle and Unity Village, Liberty Mutual filed a December 6, 2022 Motion to Dismiss Pinnacle's suit against it. Liberty Mutual argued that Pinnacle submitted a July 19, 2016 letter to the trial court on behalf of all parties, indicating that the parties were in the midst of discussions seeking an amicable resolution. After that letter, Liberty Mutual contended there had been no step in the prosecution or defense of the matter in excess of three years. Liberty Mutual thus sought a judgment of dismissal of Pinnacle's claim against it. The trial court ordered that "all claims and causes of action asserted in the captioned lawsuit are dismissed, without prejudice, pursuant to Louisiana Code of Civil Procedure Article 561."

On January 19, 2023, Pinnacle filed a motion to set aside the dismissal, maintaining that the broad language of the dismissal would hamper its ability to enforce the default judgment against Unity Village. Pinnacle therefore asked that the order of dismissal be vacated. The trial court denied Pinnacle's motion to set the dismissal aside. Pinnacle appealed, and a panel of this court affirmed, finding that the judgment against one defendant, Unity Village, did not suspend the abandonment period against the remaining defendants. *See Pinnacle Constr. Grp., L.L.C. v. Devere Swepco JV, LLC*, 23-551 (La.App. 3 Cir. 2/28/24), 380 So.3d 878.

The supreme court granted Pinnacle's writ application and found that Liberty Mutual's March 3, 2022 request for a continuance of the hearing on the exceptions constituted a waiver of its right to claim abandonment. *See Pinnacle Constr. Grp., L.L.C. v. Devere Swepco JV, LLC*, 24-406 (La. 2/6/25), 400 So.3d 878. The supreme court pointed out that Liberty Mutual's post-abandonment request for a resetting of the hearing was accompanied by an order providing a date for the resetting of the hearing. That request "constituted a step in [Liberty Mutual's] defense of the matter, which waived its right to assert abandonment." *Id.* at 881. The supreme court reversed the lower courts' rulings and remanded for further proceedings. *Id.*

Number 1122374 on April 1, 2015." On February 5, 2025, the trial court ordered that the judgment be revived and that the judicial mortgage be reinscribed.

Pinnacle subsequently filed a March 19, 2025 Motion for Summary Judgment against Devere and Liberty Mutual, seeking a judgment against the lien bond issued by Liberty Mutual based upon the unsatisfied default judgment. It attached the materials pertinent to the judgment and lien. The trial court set a hearing date of July 21, 2025.

On June 10, 2025, Unity Village filed a Motion and Order to Refix its November 2015 Petition to Annul Judgment and its April 2016 Motion and Order to Amend Petition to Annul Judgment. Unity Village noted that the motions were "fixed for hearing several times; however, the matter was continued without date and the issue was not disposed [of]." The trial court ordered that a status conference be set for July 23, 2025, for the purpose of selecting "a trial or hearing date(s) and corresponding deadlines." The trial court instructed that "[t]he parties should also be prepared to discuss any other pending motions, exceptions, and other relevant matters, including issues at trial, stipulations, settlement discussions, and any other matters pertinent to bringing this matter to trial or resolution."

Before either hearing was conducted, Liberty Mutual filed a June 16, 2025 Ex Parte Motion to Continue Hearing and Request for Expedited Consideration, seeking a continuance of the hearing on Pinnacle's motion for summary judgment. Liberty Mutual maintained that it had disputed that the lien bond applied to the default judgment and that, because Unity Village was challenging the validity of the default judgment in its pending "motion," it would be premature for the trial court to address the lien bond. Liberty Mutual asked that the July 21, 2025 hearing on Pinnacle's Motion for Summary Judgment be continued without date "so that the scheduling of

6

these matters [could] be discussed at the status conference on July 23, 2025." The trial court continued the hearing on Pinnacle's Motion for Summary Judgment, "without date" and reiterated that, "[a]s previously ordered, the court will hold a status conference on July 23, 2025 . . . . A new hearing date for the instant motion for summary judgment will be selected at the status conference." The trial court ordered all "[l]ead counsel/trial counsel" to appear in person at the conference and to have access to their calendars. The record is, again, silent as to whether the conference was conducted.

Central to the present proceeding, on July 24, 2025, Pinnacle filed a Motion to Dismiss for Abandonment of Unity Village's Petition to Annul Judgment, Motion and Order to Amend Petition to Annul Judgment, and Motion and Order to Refix. As it continues to do, Pinnacle maintained that the March 31, 2015 default judgment constituted a valid, final judgment, fully adjudicating the claims between it and Unity Village as the delays for the filing of a motion for new trial or a motion for appeal had passed. Yet, Unity Village did not file its Petition to Annul Judgment until after the passage of more than seven months after the entry of the default judgment. Pinnacle thereafter objected to each of Unity Village's subsequent filings. All pending matters regarding the default judgment were set for a hearing on one date.

Pinnacle pointed out that the parties thereafter filed numerous motions to enroll, continue and reset, the most recent of which was Devere and Liberty Mutual's March 3, 2022 Motion and Order for Continuance. Pinnacle asserted that, "[a]fter that date, the parties failed to take any step in its prosecution or defense of the attempt to annul the Default Judgment in the trial court for a period of greater than three years." Only after the expiration of that three year period did Unity Village file its

June 10, 2025 Motion and Order to Refix. Pinnacle thus asserted that by operation of La.Code Civ.P. art. 561, the matter was abandoned as "the parties failed to take any step in the prosecution or defense of the attempt to annul the Default Judgment in the trial court for a period of greater than three years." Pinnacle argued that actions relative to the attempt to annul the default judgment should be deemed abandoned and an order of dismissal entered.

The trial court signed a July 29, 2025 order determining that the record "reflects that no party took any step in its prosecution or defense of any attempt to annul the Default Judgment in the trial court between March 3, 2022 and June 10, 2025, a period in excess of three years." The trial court ordered that the matter be dismissed without prejudice pursuant to La.Code Civ.P. art. 561.

Unity Village appeals, asserting in its sole assignment of error that "[t]he trial court erred by granting Pinnacle Construction Group's Motion to Dismiss for Abandonment in violation of Louisiana Code Civil Procedure Article 561."

## DISCUSSION

*Abandonment*

An action is considered abandoned when the parties fail to take a step in its prosecution or defense for a period of three years. La.Code Civ.P. art. 561(A)(1).[4] Citing Article 561, the supreme court has explained:

---

[4] Article 561, titled "Abandonment in trial and appellate court[,]" provides, in pertinent part:

> A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
> (a) Which has been opened;
> (b) In which an administrator or executor has been appointed; or
> (c) In which a testament has been probated.
> (2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court

8

> [A]n "action … is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." In order to avoid abandonment: (1) a party must take some "step" in the prosecution or defense of the action, (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit, and (3) the step must be taken within three years of the last step taken by either party. *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, LLC*, 11-0912, pp. 4-5 (La. 12/6/11), 79 So.3d 978, 981. A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. *James v. Formosa Plastics Corp. of La.*, 01-2056, p. 4 (La. 4/3/02), 813 So.2d 335, 338. Sufficient action by either plaintiff or defendant will be deemed a step. *See Oilfield Heavy Haulers, LLC*, 11-0912 at p. 5, 79 So.3d at 981.

*Williams v. Montgomery*, 20-1120, pp. 4—5 (La. 5/13/21), 320 So.3d 1036, 1041.

The purpose of Article 561 is to prevent protracted litigation filed for the purposes of harassment or without a serious intent to hasten the claim for judgment. *Id.* Rather than a punitive concept, abandonment "balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription." *Id.* at 1041. *See also Foundation Elevation & Repair, LLC v. Miller*, 24-810 (La. 5/9/25), 408 So.3d 893.

Because dismissal of a case due to abandonment is considered the "harshest of remedies," La.Code Civ.P. art. 561 "is to be liberally construed in favor of maintaining an action." *Bd. of Supervisors of La. State Univ. & Agric. & Mech. Col.*

---

shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314 and shall execute a return pursuant to Article 1292.

The legislature amended Article 561 in the 2026 legislative session. 2026 La. Acts No. 127. Pursuant to § 5, however, the amendment has "prospective application only and shall apply to motions to dismiss based on abandonment filed on or after the effective date of this Act."

*v. Bickham*, 23-1364, p. 6 (La. 10/25/24), 395 So.3d 792, 799 (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779). Reasonable doubt as to abandonment should be resolved in favor of allowing the prosecution of the claim and against the dismissal for abandonment. *Williams*, 320 So.3d 1036.

> "Whether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis; by contrast, whether a particular act, if proven, [interrupts] abandonment is a question of law that is examined by ascertaining whether the trial court's conclusion is legally correct." *Martin v. Nat'l City Mortg. Co.*, 52,371, p. 4 (La.App. 2 Cir. 11/14/18), 261 So.3d 144, 147, *writ denied*, 18-2406 (La. 2/11/19), 263 So.3d 435; *see Hinds v. Glob. Int'l Marine, Inc.*, 10-1452, p. 3 (La.App. 1 Cir. 2/11/11), 57 So.3d 1181, 1183.

*Id.* at 1042. This case involves the latter, as Unity Village maintains a joint filing for continuance served to interrupt abandonment. We turn to consideration of those dates.

*Motion to Dismiss for Abandonment*

Pinnacle identifies a March 3, 2022 Motion for Continuance as the date of the last step in the prosecution of the Petition to Annul Judgment for purposes of abandonment. The motion, filed by Devere and Liberty Mutual, sought a continuance and resetting of a hearing at which the trial court was to hear various exceptions filed by Pinnacle in response to Unity Village's Petition to Annul Judgment. The trial court was also set to hear Pinnacle's pending Motion to Consolidate, Pinnacle's Motion for Leave to File First Amending and Supplemental Petition for Damages, and Unity Village's Motion to Amend the Petition to Annul Judgment. Those filings plainly related to Unity Village's Petition to Annul Judgment.

By its appeal, Unity Village disputes that March 3, 2022 is the relevant point of inquiry. It instead references a March 10, 2023 Ex Parte Joint Motion to Continue

Hearing joined by all parties, Liberty Mutual, Devere, Pinnacle, and Unity Village. The motion sought to continue a March 2023 hearing on Pinnacle's Motion to Set Aside Order of Dismissal by which it challenged the trial court's determination that Pinnacle abandoned its claim against Liberty Mutual for the surety bond.[5] The trial court granted the continuance and reset the Motion to Set Aside Order of Dismissal until the requested date. Advancing the March 10, 2023 joint motion as a step in the prosecution of the matter, Unity Village maintains that when it filed its June 10, 2025 Motion to Refix the hearing on its Petition to Annul Judgment and Petition to Amend Petition to Annul Judgment, the trial court should not have deemed the matter abandoned. Rather, by Unity Village's calculation, three years had not elapsed between the filing of the March 10, 2023 Ex Parte Joint Motion to Continue Hearing and the June 10, 2025 Motion to Refix the hearing on the Petition to Annul Judgment and the Motion to Amend Petition to Annul Judgment. Unity Village asks this court to reverse the trial court's judgment.

In support, Unity Village references jurisprudence for the proposition that, generally, a step taken by a party in the prosecution or defense of the action in the trial court, interrupts the abandonment period as to all parties. *Citing, e.g., James v. Formosa Plastics Corp. of La.*, 01-2056 (La. 4/3/02), 813 So.2d 335; *Delta Dev. Co., Inc. v. Jurgens*, 456 So.2d 145 (La.1984). *See also* 1 FRANK L. MARAIST, LOUISIANA CIVIL LAW TREATISE, CIVIL PROCEDURE § 10:4 (2d ed. 2026 Update) ("A step by one party prevents abandonments as to all of the parties, even though they are not solidarily liable.") (Footnote omitted.) Unity Village contends that, in this case

---

[5] Pinnacle's motion to dismiss related to the trial court's determination that Pinnacle had abandoned its claim against Liberty Mutual. As explained above, the supreme court determined that Liberty Mutual's post-abandonment action waived its right to assert abandonment. *Pinnacle Constr. Grp.*, 400 So.3d 878.

however, it joined with both Pinnacle and the other defendants in filing the joint motion to continue.

Unity Village's argument does not account for the fact that the June 10, 2023 Joint Motion it relies on relates to Pinnacle's original action as it remained pending against the remaining defendants. Foundationally, La.Code Civ.P. art. 561 provides that "[a]n *action* is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for period of three years[.]" (Emphasis added). Pinnacle's Motion to Dismiss for Abandonment plainly sought dismissal of the Petition to Annul, maintaining that it "alleged a cause of action separate from those stated in the original Petition for Damages." Reference to the pleadings substantiates that claim.

Not only did Unity Village institute its action by petition, the filing reversed the parties' procedural stance with Unity Village—rather than Pinnacle—becoming the party demanding enforcement of a legal right. *See* La.Code Civ.P. art. 421 ("A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction."). *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993) (An "action" is "the demand for the enforcement of a legal right."). Not only did Unity Village's Petition for Nullity seek enforcement of a different right than did Pinnacle's original action, i.e., seeking the remedy of La.Code Civ.P. art. 2002, Unity Village's demand required different evidence and different defenses. *See Everything on Wheels Subaru, Inc.* 616 So.2d at 1238 (explaining that, within the context of the peremptory exception, a "cause of action" is "the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant.").

Review indicates that Pinnacle correctly identifies May 3, 2022 as the last date on which a party took a "step" in the prosecution or defense of Unity Village's Petition to Annul Judgment. On that date, Devere and Liberty Mutual sought a continuance and resetting of a hearing to be conducted on exceptions that Pinnacle *filed in response to the Petition to Annul Judgment*, among other issues stemming from the Petition to Annul Judgment. Although the hearing was reset, the record does not indicate that the hearing was ever conducted. More than three years then passed before Unity Village filed its June 10, 2025 Motion to Refix the hearing on its Petition to Annul Judgment and its Motion and Order to Amend Petition to Annul Judgment.

In contrast, the March 10, 2023 Ex Parte Joint Motion to Continue Hearing relied upon by Unity Village related to ongoing litigation in Pinnacle's pursuit of the surety bond proceeds. That cause of action against Unity Village had long since been extinguished as it was decided by and merged with the default judgment of March 31, 2015. *See, e.g., Richey v. Fetty*, 96-2762 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, *writ denied*, 98-2184 (La. 11/13/98), 731 So.2d 257. That judgment became final in favor of Pinnacle and against Unity Village. Unity Village was therefore no longer a part of Pinnacle's ongoing litigation and the remaining parties' further "steps" could not be viewed as hastening the matter toward judgment, as it related to Unity Village anyway. Judgment had instead become final years before the March 10, 2023 motion cited by Unity Village.

The critical time period for Pinnacle's Motion to Dismiss for Abandonment thus surrounds "steps" taken in the prosecution or defense of the Petition to Annul Judgment. As advanced by Pinnacle, and as found by the trial court, the record indicates that the determinative period was between the March 3, 2022 Motion to

Continue the hearing on pending matters surrounding to the Petition to Annul Judgment and Unity Village's June 10, 2025 Motion to Refix the hearing on the Petition to Annul Judgment. Over the expanse of that period exceeding three years, the parties failed to take any "step" in the prosecution or defense of the action, thereby abandoning the action pursuant to La.Code Civ.P. art. 561.

We therefore find no error in the trial court's judgment.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this proceeding are assigned to Appellant, Unity Village Homes, Inc.

**AFFIRMED.**